UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-04342-JLS-E                                              Date: October 13, 2025
Title:  Aristocrat Motor Company Inc et al v. Central Bank of The Midwest et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Kelly Davis  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  FURTHER ORDER TO SHOW CAUSE RE DISMISSAL**

Petitioners Aristocrat Motor Company Inc., Armoco, Inc., and Chapter Jackson filed an Application to Compel Arbitration on May 14, 2025.  (Doc. 1.)  Petitioners filed an amended Application on May 28, 2025, adding Snowy Owl LLC and Christopher Jackson as Petitioners.  (Doc. 9.)  On September 3, 2025, the Court issued an order requiring Petitioners to show cause no later than September 12, 2025 why the case should not be dismissed for lack of prosecution.  (Order, Doc. 11.)  The Order explained that "[a]bsent a showing of good cause, an action shall be dismissed if the summons and complaint have not been served upon all defendants within 90 days after the filing of the complaint."  (*Id.* at 1.)  The Order provided that, as an alternative to a written response, the Court would consider Proof of Service of summons and complaint on all defendants an appropriate response.  (*Id.*)

Petitioner Chapter Kris Jackson responded on September 13, 2025, one day after the deadline to do so.[1]  (Response, Doc. 12.)  Petitioner states that "on November 16,

---

[1] Failure to comply with the Court's prior Order is itself grounds for dismissal of this action.  *See Gray v. Luna*, 2024 WL 1363463, at *1 (C.D. Cal. Mar. 28, 2024) (Staton, J.) ("District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders.") (citing Fed. R. Civ. P. 41(b)) (further citation omitted).

| **CIVIL MINUTES – GENERAL** | 1 |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-04342-JLS-E                                    Date: October 13, 2025
Title:  Aristocrat Motor Company Inc et al v. Central Bank of The Midwest et al

2023, an involuntary [Chapter 7] bankruptcy [petition] was filed against [Petitioner] Chapter Jackson" in the Western District of Missouri.  (Response ¶¶ 1 & 4.)  Further, on December 11, 2024, the Eighth Circuit Bankruptcy Appellate Panel ("BAP") "remanded the [bankruptcy] case back to the lower Bankruptcy court for further proceedings." (*Id.* at 2.)  Therefore, "Petitioner has not served the parties herein due to the Bankruptcy remand order, pending bankruptcy proceedings . . . , [a] recently filed . . . adversary [proceeding], [and] due to the broad scope of the automatic stay [provision of the Bankruptcy Code]." (*Id.* ¶¶ 2 & 4); *see also* 11 U.S.C. § 362(a) (automatic stay provision).

    As to claims asserted *against* a debtor, the automatic stay provision of the Bankruptcy Code provides that the filing of a petition in bankruptcy, including "a petition filed under section . . . 303 . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . to recover a claim against the debtor that arose before the commencement of the case under this title."  11 U.S.C. § 362(a); *see also* 11 U.S.C. § 303(a) (permitting the filing of an involuntary Chapter 7 Petition); *see also In re Chapter Kris Jackson*, No. 23-41601-can7 (W.D. Missouri, Nov. 16, 2023) (Doc. 1, Petition).

    As to claims asserted *by* a debtor, the right to pursue a claim against another is generally considered an asset that becomes property of the estate (along with all the debtor's other assets).  *See* 11 U.S.C. § 541(1) (providing that an estate in bankruptcy is created by the filing of a bankruptcy petition and that the "estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case"); *see also Turner v. Cook*, 362 F.3d 1219, 1225–26 (9th Cir. 2004); *In re Lopez*, 283 B.R. 22, 28 (B.A.P. 9th Cir. 2002).  "Causes of action are among such legal or equitable interests." *Turner* at 1226 (citation omitted); *see also Foronda v. Wells Fargo Home Mortg., Inc.*, 2014 WL 6706815, at *4 (N.D. Cal. Nov. 26, 2014).  "Only the bankruptcy trustee has standing to bring these claims."  *Cox v. Old Republic Nat'l Title Ins. Co.*, 743 F. App'x 104, 105 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-04342-JLS-E                                                      Date: October 13, 2025
Title:  Aristocrat Motor Company Inc et al v. Central Bank of The Midwest et al

The remand order cited by Petitioner is found at *In re: Chapter Kris Jackson*, 665 B.R. 395 (8th Cir. BAP, Dec. 11, 2024).  As recounted by the BAP, the bankruptcy court dismissed the petition pursuant to 11 U.S.C. § 305(a), but the dismissal was not appealed, and in any event, such a ruling is not subject to appeal.  665 B.R. at 401 n.2.  The scope of the BAP's instructions on remand was limited by the scope of the appeal before it, which challenged only Petitioner's motion for sanctions, damages and other relief.  *Id.* at 398.  Therefore, the BAP remanded the case to the bankruptcy court so that it could determine "whether Jackson is entitled to a hearing on her motion for sanctions, damages, and other relief." *Id.* at 402.

By statute, it is the bankruptcy petition itself that "operates as a stay" and, generally, the stay is effective for a limited duration.  *See* 11 U.S.C. § 362.  Specifically, "the stay of an act against property of the estate . . . continues until such property is no longer property of the estate," and "the stay of any other act . . . continues until the earliest of . . . the time the case is closed . . . [or] the time the case is dismissed."  11 U.S.C. § 362(c)(1)-(2); *see also In re De Jesus Saez*, 721 F.2d 848, 851 (1st Cir. 1983) ("It seems self-evident that there is no 'estate' and hence no 'property of the estate' unless there is an existing petition.  Dismissal of the petition, therefore, would ordinarily terminate the stay as well."); *accord In re Thomason*, 647 B.R. 566, 574 (Bankr. D. Idaho 2022) (collecting cases).

Similarly, because the petition is no longer pending, Petitioner's claims are no longer part of a bankruptcy estate and may not be pursued by a trustee in bankruptcy.

Accordingly, Petitioners have failed to show cause why the present action should not be dismissed for lack of prosecution.  Absent the filing of a proof of service of the Amended Petition and Demand for Arbitration on all Respondents within seven days of the entry of this Order, the Court will dismiss this case for lack of prosecution.

**IT IS SO ORDERED.**                                                                                 Initials of Deputy Clerk: kd